UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN GROHS,<br><br>          Plaintiff,<br><br>     v.<br><br>GARY M. LANIGAN, et al.,<br><br>          Defendants. | :<br>:  Civil Action No. 16-7083 (JXN)<br>:<br>:<br>:<br>:  OPINION AND ORDER<br>:<br>:<br>:<br>: |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Steven Grohs for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). *See* Dkt. No. 32. Plaintiff's Motion is unopposed. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 32] is **DENIED**.

Plaintiff is committed under the New Jersey Sexually Violent Predator Act at the Special Treatment Unit (the "STU") in Avenel, New Jersey and his claims in this matter arise from alleged violations of his civil rights by Defendants during two separate incidents which occurred during his commitment. On October 13, 2016, Plaintiff filed a Complaint and an application to proceed *in forma pauperis* in this action. *See* Dkt. No. 1. Plaintiff's application to proceed *in forma pauperis* was granted on October 24, 2016. *See* Dkt. No. 3. Thereafter, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed certain portions of Plaintiff's Complaint while allowing the remainder to procced. *See* Dkt. No. 5.

Plaintiff now seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step

1

analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses; and
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d 499 (citing *Parham*, 126 F.3d at 458).

As to the initial question of whether Plaintiff's claims have merit, the Court notes that Plaintiff's remaining claims were screened by the Court under U.S.C. § 1915(e)(2)(B) and allowed to proceed. Thus, for the purposes of the present motion, the Court will assume that Plaintiff's surviving claims have at least some merit. However, regardless of whether Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which

involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture).

The Court now turns to the factors under set forth in *Tabron*. Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint and an application to proceed *in forma pauperis*, served Defendants with interrogatories and requests for the production of documents, and filed the present Motion for the appointment of *pro bono* counsel. These filings themselves demonstrate that Plaintiff is capable of presenting his case. While Plaintiff argues that his effectiveness has changed as he is expecting to be moved to another housing unit, which provides access to the courts only by way of a law library and through another resident who is not trained in the law, Plaintiff fails to explain how this will impact his ability to present his case. As such, the first *Tabron* factor weighs against the Plaintiff.

As to the second factor, Plaintiff claims that the relevant issues relating to the strip search and assault alleged in his Complaint are made especially complex because he is not an inmate at a correctional institution, but a resident who is civilly committed. Dkt. No. 32 at p. 3. Plaintiff has not provided any explanation or support for his assertion of complexity and the legal issues present in this matter do not appear to be particularly complicated. Accordingly, the Court finds that the second factor weighs against Plaintiff.

Under the third, fourth and fifth factors, Plaintiff claims that "[f]actual investigations will be necessary because the defendants have . . . denied [the] allegations," and that "the officers' credibility will be a significant factor . . . ." Dkt. No. 32 at p. 3. Plaintiff further asserts that he is unable to "conduct any meaningful factual investigations . . . or acquire satisfactory evidence on [his] own." *Id.* Plaintiff has failed to provide any explanation of the "factual investigations" he

believes to be necessary to prosecute his case or why he is unable to pursue such investigations on his own. Additionally, because the parties are still engaged in the written discovery process, it is premature to consider expert testimony and the likelihood the case will turn on credibility determinations. Accordingly, the Court finds that the third, fourth and fifth factors weigh against Plaintiff.

Turning to the sixth factor, while Plaintiff appears unable to retain his own counsel, and thus the final factor weighs slightly in Plaintiff's favor, this fact alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for pro bono counsel where indigency was the only one of the six factors . . . weigh[ing] in favor of appointment of counsel).

The Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this **29th day of July, 2021,**

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 32] is **DENIED WITHOUT PREJUDICE**.

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**